**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

JEFFREY A. L.,

                Plaintiff,

     v.                                   8:24-cv-01084 (AMN/PJE)

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.

---

**APPEARANCES:**                                       **OF COUNSEL:**

**HILLER COMERFORD**                  **JUSTIN M. GOLDSTEIN, ESQ.**
**INJURY & DISABILITY LAW**
6000 North Bailey Avenue – Suite 1a
Amherst, New York 14226
*Attorneys for Plaintiff*

**SOCIAL SECURITY ADMINISTRATION**        **FERGUS J. KAISER, ESQ.**
Office of the General Counsel
6401 Security Boulevard
Baltimore, Maryland 21235
*Attorneys for Defendant*

**Hon. Anne M. Nardacci, United States District Judge:**

### ORDER

## I.      INTRODUCTION

On September 6, 2024, Plaintiff Jeffrey A. L.[1] commenced this action pursuant to

42 U.S.C. § 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social

Security ("Commissioner") denying his application for supplemental security income benefits

---

[1] In accordance with the local practice of this Court, Plaintiff's last name has been abbreviated to
protect his privacy.

under the Social Security Act.  Dkt. No. 1.  Plaintiff sought and received leave to proceed *in forma pauperis*.  Dkt. Nos. 3, 7.

This matter was referred to the United States Magistrate Judge Paul J. Evangelista, who, on December 18, 2025, recommended that the Court grant Plaintiff's cross-motion for judgment on the pleadings, Dkt. No. 12, deny the Commissioner's cross-motion for judgment on the pleadings, Dkt. No. 14, and reverse and remand the Commissioner's decision for further proceedings.  Dkt. No. 16 ("Report-Recommendation").  Magistrate Judge Evangelista advised that under 28 U.S.C. § 636(b)(1), the parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review.  *Id.* at 19.[2]  Neither party has filed any objections to the Report-Recommendation and the time for filing objections has expired.

For the reasons set forth below, the Court adopts the Report-Recommendation in its entirety.

## II.    STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection.  *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C).  If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error.  *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b) Advisory Committee Notes: 1983 Addition).  "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Dezarea W. v. Comm'r of Soc.*

---

[2] Citations to docket entries utilize the pagination generated by CM/ECF, the Court's electronic filing system.

*Sec.*, No. 21-cv-1138, 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 17-cv-367, 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)). After appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

## III.  DISCUSSION

Because neither party has filed any objections to the Report-Recommendation, the Court reviews the Report-Recommendation for clear error.

First, Magistrate Judge Evangelista concluded that the findings of the Administrative Law Judge ("ALJ") in this matter are unsupported by substantial evidence because the ALJ failed to consider evidence generated after the date last insured, here, December 31, 2016.  *See* Dkt. No. 16 at 12-13.  To determine whether an individual is entitled to disability benefits, under step two of the five-step analysis, the Commissioner must determine "whether medical evidence establishes an impairment or combination of impairments of such severity as to be the basis of a finding of inability to engage in any substantial gainful employment."  *Loni S. v. Comm'r of Soc. Sec.*, No. 22-cv-805, 2023 WL 4195887, at *10 (N.D.N.Y. June 27, 2023) (internal quotation marks, citations, and brackets omitted).  Magistrate Judge Evangelista noted that the ALJ determined that Plaintiff did not have a severe impairment or combination of impairments because Plaintiff did not have an impairment or combination of impairments for twelve consecutive months that significantly limited his ability to perform basic work-related activities for twelve consecutive months.  Dkt. No. 16 at 12 (quoting Dkt. No. 8-2 at 19-20).  Magistrate Judge Evangelista found that the ALJ reached this determination by considering Plaintiff's testimony and 2011 medical

records, but did not list, discuss, or meaningfully analyze any of Plaintiff's medical and treatment records *following* the date last insured.  *Id.* at 13 (citing Dkt. No. 8-2 at 17-27).

Magistrate Judge Evangelista found that Plaintiff justifiably relied on the Court's decision in *Matthew P.*, which holds that a plaintiff can satisfy the standard for analyzing claims at step two with evidence from before or after the relevant time period.  *Id.* at 15-16 (citing *Matthew P. v. Comm'r of Soc. Sec.*, No. 20-cv-1586, 2021 WL 5629070, at *6 (N.D.N.Y. Dec. 1, 2021)). Magistrate Judge Evangelista noted that most of Plaintiff's conditions described in his medical and treatment records from 2017 to 2019 appear to be the same or similar conditions that Plaintiff was treated for in 2011.  *See id.* at 13-14.  Specifically, Magistrate Judge Evangelista found that the ALJ erred in failing to consider Plaintiff's August 21, 2018 treatment record, which noted that Plaintiff "was suffering from back pain for 'the past several months' and had associated pain that radiated down his right leg for '45 weeks' prior," *i.e.*, beginning approximately ten months after the date last insured.  *Id.* at 16 (citing Dkt. No. 8-9 at 921).  Thus, Magistrate Judge Evangelista concluded that these records "may demonstrate at least *di minimis* evidence that [P]laintiff suffered from a severe impairment during the relevant period that precluded him from performing 'basic work activities.'"  *Id.* at 14 (quoting *Loni S.*, 2023 WL 4195887, at *10-11).  Accordingly, Magistrate Judge Evangelista concluded that the ALJ's step-two determination is unsupported by substantial evidence and remand is required to consider the evidence dated after December 31, 2016.  *Id.* at 15.

Additionally, Magistrate Judge Evangelista recommended that the ALJ be instructed to consider on remand whether chronic obstructive pulmonary disease constitutes a severe impairment, because it was not analyzed by the ALJ in his decision.  *See id.* at 17.  Magistrate Judge Evangelista also recommended that the ALJ be instructed to reevaluate his conclusions

regarding the supportability and consistency factors of Dr. Elke Lorensen's opinion and the prior administrative medical findings after considering the evidence generated after December 31, 2016. *Id.*

Finally, Magistrate Judge Evangelista declined to determine whether the ALJ erred in failing to order additional medical opinions and medical expert testimony to reach its step-two determination. *Id.* at 17-18. Magistrate Judge Evangelista concluded that it would be improper to "pre-adjudicate the ALJ's determination on remand." *Id.* at 18 (collecting cases).

Having reviewed the Report-Recommendation for clear error, and found none, the Court adopts the Report-Recommendation in its entirety.

## IV.    CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 16, is **ADOPTED** in its entirety; and the Court further

**ORDERS** that Plaintiff's cross-motion for judgment on the pleadings, Dkt. No. 12, is **GRANTED**; and the Court further

**ORDERS** that the Commissioner's cross-motion for judgment on the pleadings, Dkt. No. 14, is **DENIED**; and the Court further

**ORDERS** that the Commissioner's final decision is **REVERSED** and **REMANDED** to the Commissioner for further proceedings; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: February 4, 2026
      Albany, New York

Anne M. Nardacci
U.S. District Judge